NUTTER, *Administrator, versus* BAILEY.

Under a defence that lumber sold and delivered, was not legally surveyed, arising in a suit brought to recover the price of it, the *onus* of proof is upon the defendant.

If the seller have authorized the purchaser to select a surveyor, the presumption is, that a surveyor was intended, by whom the survey could *legally* be made.

ASSUMPSIT, upon an account for lumber sold by the intestate to the defendant.

One Lee and the defendant with another person were appraisers of the intestate's estate.    Lee testified, *that* while attending to that service, the defendant spoke of his indebtedness to the estate for lumber, and made up a written account in favor of the intestate, against himself, for boards purchased, showing a balance due from him of $1883,03, and stating that the same was correct ; *that* that amount was by the appraisers inserted in their inventory, as a debt due from the defendant to the estate ; and *that* the inventory was signed by the three appraisers, and in that form presented to the Judge of Probate.    It appeared *that* the defendant resided in Bath, and *that* the intestate had resided in Phipsburg, an adjoining town ; *that* the boards were manufactured at the intestate's mill in Phipsburg ; and *that* the boards were at the mill.

Samuel Ames testified, that he was an inhabitant and surveyor of the town of Bath, and not a surveyor of Phipsburg, that he surveyed the said lumber at Phipsburg at the request of said Bailey, being employed by him for that purpose, that he had frequently been employed by said Bailey to survey lumber purchased by him, as well at Phipsburg as at Bath, that it had been customary for purchasers of lumber sawed at the Phipsburg mills, residing at Bath, to employ their own surveyors residing in Bath without objection.

It appeared also, that the plaintiff, as administrator, after the return of said appraisement, settled an account with the Judge of Probate, in which he charged himself with the amount of said account so furnished by said Bailey.

Nutter *v.* Bailey.

The defendant objected to the admission of the appraisers' return and the testimony of Ames.

On the foregoing evidence, so far as it is legally admissible, the whole court is to determine the right of the plaintiff to recover, and to enter a nonsuit or default, or in their discretion, to order the cause to stand for trial.

*Randall* and *Booker*, for the plaintiff.

The evidence to which the defendant excepts may be rejected.

The other testimony proves an acknowledgment by the defendant of his indebtedness, with a bill of the items thereof in his own handwriting. To this full and clear case, no defence whatever appears. This acknowledgment involves an admission of a legal survey.

But if the testimony be received, there is no evidence that the lumber was, or was not surveyed by a surveyor appointed in Phipsburg ; it was surveyed by a sworn surveyor of Bath, which is believed to be sufficient, under the Revised Statutes, (chap. 66.)

It is probably unnecessary to examine the decisions on the general question of the validity of agreements made in violation of law, although it is believed the principles established by Lord Mansfield in the cases of *Smith* v. *Bromly,* (given in note to *Jones* v. *Berkley,* Doug. 696,) and *Browning* v. *Morris,* (Cowp. 790,) have been often misapprehended and misapplied. In case of an agreement, *malum in se,* as both parties must be *in pari delictu,* the courts will not interfere ; but where it is only *malum prohibitum,* the courts will take care that the party, not specially in fault, shall not suffer injustice. In the former case his lordship remarks ; " it is astonishing the Reports do not distinguish between the one case and the other."

But there seems to be no necessity of inquiring into this point in the present case. From the case of *Coombs* v. *Emery,* it seems that the value of the goods can be recovered unless it be shown that surveyors were appointed by the town of Phipsburg, which does not appear. (14 Maine, 404.) In

*Whitman* v. *Freeze*, (23 Maine, 185,) it is decided that " the burden of proof is on the defendant, to establish the fact of illegality, if he would thereby avoid his contract." No evidence is produced, except that Bailey got his own surveyor at Bath, to survey the lumber, which he might well have done for his own satisfaction, if it had been surveyed before. It may have been indeed the fact that Bailey agreed with Couillard to procure a surveyor ; and if so, his procuring an illegal one, if indeed Eames were illegal, was his fault and not Couillard's, for which the plaintiff ought not to suffer.

Finally, both the cases last referred to, require the defendant to prove fully, the illegality of the contract, if he would avail himself of the penalty, and to show an agreement to sell without survey.

The tenor of the testimony on the other hand is rather that there was to be a survey. Nor should any presumption be raised against the plaintiff for not producing further proof, as his intestate is dead, and he cannot be supposed to know the whole transaction.

*Tallman*, for the defendant.

If the sale was prohibited by law, it was void. The plaintiff must establish his right to recover, and therefore must show that the boards were surveyed, as prescribed by the statute. There is no presumption that the boards were surveyed. Such a presumption arises only when the contrary supposition involves a criminal neglect of duty. *State* v. *Whittier*, 21 Maine, 341 ; 2 Stark. Ev. 685.

The appraisers' return was inadmissible as evidence. It was but a ministerial act of official duty. It was not a voluntary admission.

The testimony of Ames was inadmissible. Neither the defendant's assent, or the custom, could vary the statute provision, (chap. 66, sect. 2,) which requires all boards offered for sale to be surveyed by a surveyor of the town where the boards are. And there is no evidence that such a survey was made.

The confession of the supposed indebtedness was merely

that boards were delivered according to the bill. This is no evidence of a survey. And if it were, the defendant might be in mistake as to his liability.

If, in this case, a recovery be had by the plaintiff, the amount may be recovered back by the defendant. *White* v. *Franklin Bank*, 22 Pick. 181.

The parties are not *in pari delictu.* The penalty is upon the seller, not the purchaser. To allow the plaintiff to recover, would only encourage a circuity of action.

SHEPLEY, C. J. — This suit appears to have been commenced to recover the value of boards sold and delivered by the intestate to the defendant.

The defence appears to be, that the intestate was guilty of a violation of the provisions of statute chap. 66, in making that sale and delivery. If such were the fact, the law would not lend itself to carry into effect a sale made in violation of its provisions.

The testimony of Alfred Lee was clearly admissible to prove, that the defendant made out the account against himself and admitted it to be due to the estate of the intestate.

The burden of proof was upon the defendant to show, that the sale was made in violation of the statute provisions, if he would for that reason avoid payment. *Whitman* v. *Freeze,* 23 Maine, 185.

The testimony of Samuel Ames was legally admissible to prove the acts of the defendant, and that a survey was made by his direction.

It does not appear from his testimony or from any testimony presented in the report, that the intestate sold the boards under an agreement, that they should be surveyed by him, or that he had any connexion with that survey.

The purchaser of lumber may be dissatisfied with a survey made by order of the seller, and may cause it to be again surveyed by another person.

There is no proof, that the lumber sold to defendant was not also surveyed by a surveyor elected by the town of

Phipsburg.    If that could be presumed, and that the intestate consented that the defendant should select the surveyor, the legal inference would be, that one was to be selected who could make a legal survey.

The real character of the transaction may perhaps be inferred from the testimony to have been, that the intestate agreed to sell the boards to the defendant and to permit him to cause them to be surveyed.    The inference would then be that the intestate intended that he should have them legally surveyed. The defendant causes a survey to be made, which he alleges to have been illegal, and presents his own misconduct and violation of the provisions of the statute to prevent a recovery of the agreed price.

The testimony fails to prove, that the intestate was a party to any contract or proceeding in violation of the provisions of the statute, or that he intended to violate any of its provisions ; the law therefore interposes no legal objection to a recovery by the plaintiff.

It is not necessary to determine, whether a surveyor elected by one town can make a legal survey in another town.

*Defendant defaulted.*